# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN, | CASE NO. 1:03-cv-06336-AWI-SMS PC |
| Plaintiff, | ORDER GRANTING MOTION TO SET ASIDE JUDGMENT, DIRECTING CLERK'S OFFICE TO REOPEN CASE, AND REFERRING MATTER TO MAGISTRATE JUDGE FOR SCREENING |
| v. | |
| S. SHAWNEGO, et al., | |
| Defendants. | (Doc. 22) |

**Order on Motion to Set Aside Judgment**

## I.  Legal Standard

Plaintiff Carmon Warren, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2003. This action was dismissed without prejudice on February 23, 2005, based on Plaintiff's failure to state a claim upon which relief may be granted. On May 28, 2010, Plaintiff filed a motion seeking relief from judgment. Fed. R. Civ. P. 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

///

1

Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

## II.  Discussion

### A.  Relevant Facts

This action was dismissed for failure to state a claim following Plaintiff's failure to file an amended complaint in compliance with the screening order filed on November 23, 2004.[1] (Docs. 17, 19, 20.) In the screening order, the Magistrate Judge informed Plaintiff that being subjected to a prison disciplinary process did not, without more, violation the Cruel and Unusual Punishments Clause of the Eighth Amendment. (Doc. 17.) Further, Plaintiff was informed that his due process claim arising from his disciplinary conviction based on false charges was barred under section 1983 and needed to be brought via a writ of habeas corpus. (Id.)

Although Plaintiff was granted leave to amend, he instead filed a petition for writ of habeas corpus in Kings County Superior Court based on the Court's finding that his due process claim was barred and he must seek habeas relief. (Doc. 22, p. 2.) The petition was denied by the superior court, the Fifth District Court of Appeals, and the California Supreme Court, and Plaintiff then filed a habeas petition in federal court.[2] (Id.) Plaintiff's petition was dismissed by the district court as untimely, for procedural default, and for lack of jurisdiction given that the length or legality of

---

[1] A different Magistrate Judge was assigned to the case at that time.

[2] Case number 1:06-cv-01328-OWW-NEW (DLB) HC, filed in this court.

Plaintiff's conviction was not at issue. (Id., Ex. B; Doc. 23, case number 1:06-cv-01328-OWW-NEW (DLB) HC.) Plaintiff appealed the dismissal on jurisdictional grounds, and the decision was affirmed on March 26, 2010, by the United States Court of Appeals for the Ninth Circuit. (Doc. 22, Ex. C.) Mandate issued on April 19, 2010, and, under the prison mailbox rule, Plaintiff filed this motion on May 4, 2010. (Doc. 22, p. 27; Doc. 36, case number 1:06-cv-01328-OWW-NEW (DLB) HC.)

### B.     Timeliness of Motion

A motion for reconsideration must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1). In determining whether the motion was brought within a reasonable time, courts look to "'the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" Lemoge v. United States, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting Ashford v. Steuart, 657 F2d. 1053, 1055 (9th Cir. 1981)); also In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989).

Plaintiff immediately began to pursue habeas relief based on the order stating that he was barred from proceeding under section 1983 and must proceed via a petition for writ of habeas. After exhausting his state court remedies and pursuing his appeal of the dismissal of his habeas petition to the Ninth Circuit, Plaintiff filed his motion to set aside judgment within weeks of receiving mandate following the appellate court's decision.

The Court finds that under these circumstances, Plaintiff brought his motion within a reasonable time. As discussed in the following section, the Court erred when it determined Plaintiff was ineligible to proceed in this action because his claim was barred under section 1983. Plaintiff did not delay in attempting to seek relief via habeas corpus and he did not delay in seeking to set aside the judgment in this action once the appellate court affirmed the dismissal of his petition for lack of jurisdiction. Therefore, the Court will consider Plaintiff's motion despite the passage of five years between the entry of judgment and the filing of the motion.

///

///

### C. Merits

In dismissing Plaintiff's due process claim, the Court correctly set forth the legal standard applicable to challenges to credit losses sustained in the prison disciplinary process. To wit, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). However, Plaintiff did not allege he was deprived of time credits, a deprivation which would affect the length of his sentence. Further, during the course of his habeas proceedings, the district court and the Ninth Circuit found that Plaintiff did not lose time credits, rendering habeas relief unavailable to him. (Doc. 22, Exs. A & B; Doc. 23, case number 1:06-cv-01328-OWW-NEW (DLB) HC.) Because the length of Plaintiff's sentence was not affected by the disciplinary hearing finding, Plaintiff's due process claim is not barred under section 1983. The Court will set aside judgment and refer this matter back to the Magistrate Judge for screening. 28 U.S.C. § 1915A.

### III. Conclusion and Order

As discussed herein, the Court finds Plaintiff's motion to set aside judgment is timely and relief from judgment is warranted in light of the Court's error. Fed. R. Civ. P. 60(b)(6),(c). Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to set aside judgment, filed Mary 28, 2010, is GRANTED;
2. The Clerk's Office shall reopen this case; and
3. This matter is referred to the Magistrate Judge for screening.

IT IS SO ORDERED.

Dated:   November 23, 2010

CHIEF UNITED STATES DISTRICT JUDGE

4