# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN, | CASE NO. 1:03-cv-06336-AWI-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT SHAWNEGO ON DUE PROCESS CLAIM |
| v. | |
| S. SHAWNEGO, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

## Screening Order

**I.     Procedural History**

Plaintiff Carmon Warren, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2003. The action was dismissed on February 23, 2005, based on a finding that Plaintiff failed to state a claim upon which relief may be granted. Pursuant to the Court's order of November 23, 2010, Plaintiff's motion to set aside judgment and reopen the case was granted and the undersigned was directed to screen the complaint.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## III. Plaintiff's Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation, is currently incarcerated at Kern Valley State Prison. The events at issue in this action occurred at California State Prison-Corcoran in 2002. The defendants in this action are S. Shawnego, an education instructor; W. Phillips, a lieutenant; and John Doe #1/Dr. Goddard, an academic instructor and Shawnego's immediate supervisor.[1] Plaintiff seeks damages, injunctive relief, and a declaratory judgment as relief.

### A. Factual Allegations

On or around June 19, 2002, Plaintiff was summoned to the lieutenant's office and questioned regarding an incident involving Defendant Shawnego. Plaintiff said that he entered her classroom in the course of his duties as a porter and she informed him that his zipper was down. Plaintiff exited the classroom, zipped his pants, reentered the classroom, cleaned, and left. Also present during the incident was Defendant Shawnego's clerk, inmate Johnson, although at the time

---

[1] Plaintiff identifies the third defendant only as John Doe #1. There are no allegations in the complaint against a doe defendant while there are some allegations concerning Dr. Goddard, identified as Defendant Shawnego's immediate supervisor. As a result, it appears that John Doe #1 is Dr. Goddard and the Court will proceed on that assumption. If Plaintiff intended otherwise, he may correct the record in his amended complaint.

2

Plaintiff did not know his name. Plaintiff was informed by Defendant Phillips and Lt. Vella that he was being charged with indecent exposure for walking into Defendant Shawengo's classroom with his pants unzipped and his penis exposed. Plaintiff was then placed in administrative segregation.

On July 7, 2002, Plaintiff was interviewed by the Investigative Service Unit. Plaintiff was told that Defendant Shawnego was under investigation for over familiarity with an inmate and investigators believed the rules violation she issued Plaintiff was false. Investigators believed Plaintiff entered the classroom, walked in on or saw something he should not have seen, and then tried to use the information to force Defendant Shawnego to bring contraband into the prison for him.

Plaintiff repeated his version of events. Investigators rejected Plaintiff's story and believed that Plaintiff saw what was going on between Shawnego and another inmate. They told Plaintiff that they would ensure the rules violation was thrown out if he supplied them with information on Defendant Shawnego. Plaintiff told them he did not have any information to give, and he was told that he could not beat the write-up without their help and to contact them when he wanted to help.

Plaintiff was found guilty of the rules violation on August 21, 2002, and referred to the Institutional Classification Committee for a Sexually Violent Predator's Act review. Other inmates were aware of the charge against Plaintiff and he received death threats from them. Plaintiff remains under threat of physical harm by other inmates due to the charge.

On November 1, 2002, inmate Johnson, who was housed two cells away in administrative segregation, informed Plaintiff in a note that he was in the classroom when Plaintiff entered and he was having a personal relationship with Defendant Shawnego. They were engaged in a sexual act when Plaintiff entered and Defendant Shawnego thought Plaintiff witnessed the act. Inmate Johnson also told Plaintiff that he and Defendant Shawnego met with Lt. Vella and Defendant Phillips before Plaintiff was summoned to the lieutenant's office. Defendant Shawnego and inmate Johnson were questioned, and Defendant Shawnego was asked about her failure to mention the incident involving Plaintiff for three days, her failure to activate her personal alarm, and her failure to report the incident to her supervisor.

///

Plaintiff contends that Defendant Shawnego falsely accused him of indecent exposure and stalking, and filed the false rules violation report to negatively affect Plaintiff's program status. Plaintiff also contends that Defendant Shawnego's supervisor accepted the false report, despite being informed of her failure to follow institutional protocol and despite reprimanding her for that failure. Plaintiff contends that Defendant Phillips ordered him placed in administrative segregation based on Defendant Shawnego's false report. Plaintiff alleges that his rights under the Eighth Amendment were violated and that he was deprived of his liberty interest under state penal code sections.

### B.   Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Neither the issuance of the false rules violation report nor Plaintiff's placement in administrative segregation states an Eighth Amendment claim. Further, Plaintiff's allegation that he was threatened with harm does not state a claim. These facts do not suggest that Plaintiff was subjected to conditions sufficiently grave to fall within the purview of the Eighth Amendment or that Defendants Shawnego, Phillips, and Goddard knowingly disregarded a substantial risk of harm to Plaintiff. Accordingly, Plaintiff's Eighth Amendment claim is not cognizable.

### C.   Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must ordinarily first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due

Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not have a protected liberty interest in remaining free from administrative segregation and Plaintiff has not identified the deprivation of any other interest resulting from being found guilty of the false rules violation report. Sandin, 515 U.S. at 484. However, the allegation that Defendant Shawnego intentionally issued a rules violation report falsely accusing him of indecent exposure and stalking in order to cover up her personal relationship with inmate Johnson is sufficient to state a claim for "sheer denial" of due process against her. Nonnette v. Small, 316 F.3d 872, 878-79 (9th Cir. 2002); Burnsworth v. Gunderson, 179 F.3d 771, 774-75 (9th Cir. 1999).

The issuance of the false rules violation report does not provide any basis to impose liability on Defendant Phillips or Defendant Goddard, however. There is no indication that either Defendant knew the rules violation report was in fact false, but failed to intervene. Rather, Defendant Phillips investigated the incident, questioned Plaintiff and Defendant Shawnego, and ordered Plaintiff's placement in administrative segregation. As previously stated, Plaintiff does not have a liberty interest in remaining free from administrative segregation and there is nothing constitutionally impermissible about segregating an inmate during the course of an investigation.

Defendant Goddard's involvement was limited to approving the rules violation report. While Defendant Goddard reprimanded Defendant Shawnego for failing to comply with institutional procedures following the incident in which she said Plaintiff exposed himself to her, there is no suggestion that Defendant Goddard knew the rules violation report was false, but authorized it anyway. There is simply no basis for imposing liability on Defendant Phillips or Defendant Goddard for the actions of Defendant Shawnego. Respondeat superior liablity is impermissible under section 1983 and there are no allegations supporting a finding that Phillips and Goddard were *personally*

5

*involved* in the knowing issuance and/or pursuit of the false rules violation report. Iqbal, 129 S.Ct. at 1948-49.

### D. Equitable Relief

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Because Plaintiff's legal claim arises from past misconduct that occurred at a prison where Plaintiff is no longer housed, Plaintiff is limited to seeking damages. There is no legal basis upon which to award Plaintiff a declaration that Defendants violated his constitutional rights, or to award Plaintiff an injunction prohibiting prison officials from retaliating against Plaintiff's witnesses or requiring prison officials to transfer Plaintiff to a prison close to his home. 18 U.S.C. § 3626(a)(1)(A); Lyons, 461 U.S. at 101; Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

### IV. Conclusion and Order

Plaintiff's complaint states a claim for damages against Defendant Shawnego for "sheer denial" of due process arising out of the issuance of a false disciplinary report, but it does not state a due process claim against Defendants Phillips and Goddard and it does not state a claim against any of the defendants for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order, to the extent Plaintiff, in good faith, believes the deficiencies are curable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Shawengo on his due process claim, Plaintiff may so notify the Court in writing, and the other defendants and the Eighth Amendment claim will be dismissed from the action. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Shawnego.

1    If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but
2 must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or
3 other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
4 2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to
5 relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further,
6 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
7 complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

8    Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
9 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
10 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.
11 Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
12 amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,
13 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

14    Based on the foregoing, it is HEREBY ORDERED that:

15    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

16    2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

17        a.    File an amended complaint curing the deficiencies identified by the Court in
18            this order, or

19        b.    Notify the Court in writing that he does not wish to file an amended
20            complaint and is willing to proceed only against Defendant Shawnego for
21            damages arising from the "sheer denial" of due process; and

22    3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to
23        obey a court order.

24 IT IS SO ORDERED.

25 **Dated:   December 8, 2010**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE