# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN, | CASE NO. 1:03-cv-06336-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| S. SHAWNEGO, | (Doc. 44) |
| Defendant. | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.   Procedural History**

Plaintiff Carmon Warren, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2003. This action is proceeding against Defendant Shawnego on Plaintiff's due process claim, which arises from Plaintiff's allegation that Defendant intentionally issued a rules violation report falsely accusing him of indecent exposure and stalking.[1]  Nonnette v. Small, 316 F.3d 872, 878-79 (9th Cir. 2002); Burnsworth v. Gunderson, 179 F.3d 771, 774-75 (9th Cir. 1999).

On June 9, 2011, Defendant filed a motion to dismiss the action based on Plaintiff's failure to exhaust his claim. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff did not file an opposition or a statement of non-opposition and the motion is deemed submitted.[2]  Local Rule 230(l).

---

[1] The action was dismissed on February 23, 2005, and reopened on November 23, 2010. Fed. R. Civ. P. 60(b)(6).

[2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on February 11, 2011. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 37-1.)

1

## II. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## III. Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints, and the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2(a). During the relevant time period, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level," and appeals had to be submitted within fifteen working days of the event being appealed.[3] Id. at §§ 3084.5, 3084.6(c).

---

[3] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendant's motion.

Defendant contends that there is no evidence Plaintiff exhausted his claim that she falsely accused him of indecent exposure and stalking. In support of her motion, Defendant submits evidence that the appeal Plaintiff initiated against her for falsely accusing him of indecent exposure and stalking was screened out because it was untimely, and there is no record of any other relevant appeal accepted for formal review at the institutional level or at the final level of appeal in Sacramento.[4] (Doc. 44, Motion, Foston Dec., ¶¶3, 4 & Campbell Dec., ¶¶4, 5, 7.)

Plaintiff is required to comply with the procedural rules governing the inmate appeals process and the exhaustion requirement may not be satisfied by filing an untimely appeal. Woodford v. Ngo, 548 U.S. 81, 83-84, 126 S.Ct. 2378 (2006). The incident which generated the issuance of the allegedly false rules violation report occurred on June 17, 2002, and Plaintiff was found guilty of the rules violation on August 21, 2002.[5] Although Plaintiff submitted an inmate appeal concerning the accusation of indecent exposure and stalking, it was dated November 7, 2002. (Campbell Dec., Ex. E.) The appeal appears to have been received by the appeals office on November 19, 2002, and it was screened out in December 2002. (Id.) Plaintiff only had fifteen working days to file an appeal grieving the issuance of the false rules violation report, and the preparation and submission of the appeal on November 7, 2002, occurred well after these events and clearly violated the fifteen-day time constraint. Plaintiff has submitted no evidence bringing into question the propriety of the screening decision rejecting his appeal as untimely, and therefore, Defendant is entitled to dismissal of this action. Sapp v. Kimbrell, 623 F.3d 813, 823-24 (9th Cir. 2010).

## IV.    Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed June 9, 2011, be GRANTED and this action be dismissed, without prejudice, for failure to exhaust. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

///

---

[4] It is proper to consider documentary evidence in resolving an unenumerated Rule 12(b) motion and judicial notice of the documents related to Plaintiff's appeal attempts is not required. Morton, 599 F.3d at 945; Wyatt, 315 F.3d at 1119-20. Therefore, Defendant's request for judicial notice is disregarded.

[5] The rules violation report was apparently issued on July 4, 2002. (Campbell Dec., Ex. E.)

3

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 11, 2011**                                  /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE