# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN,<br><br>             Plaintiff,<br><br>     v.<br><br>S. SHAWNEGO,<br><br>             Defendant.<br>_____/ | CASE NO. 1:03-cv-06336-AWI-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONSIDERATION OF UNTIMELY OPPOSITION, STRIKING OPPOSITION, AND GRANTING PLAINTIFF A THIRTY-DAY EXTENSION OF TIME TO FILE OBJECTIONS<br><br>(Doc. 52) |

Plaintiff Carmon Warren, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2003. Defendant Shawnego filed a motion to dismiss for failure to exhaust on June 9, 2011. Plaintiff failed to file an opposition or any other document and on August 12, 2011, the undersigned issued findings and recommendations recommending the motion be granted. On August 17, 2011, Plaintiff filed an opposition along with a motion requesting that his untimely opposition be considered.[1]

The Court already issued its findings and recommendations on the motion and it declines to set the findings and recommendations aside and consider an untimely opposition. At this juncture in the proceedings, Plaintiff's recourse is to file objections, which will be considered by the Honorable Anthony W. Ishii. Plaintiff is obligated to prosecute the action he filed and his contention that he was waiting for the Court to tell him what to do is unpersuasive.

///

---

[1] Dated and served by mail on August 14, 2011.

1

1    Plaintiff was provided with the requisite notice of the requirements for opposing a motion
2 to dismiss for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc.
3 37-1, Second Informational Order.)  Additionally, Plaintiff was informed that all pretrial motions
4 are submitted without a hearing and he was directed to Local Rule 78-230(m) for the briefing
5 schedule.[2]  (Doc. 10, First Informational Order, ¶8.)  Further instruction regarding opposing the
6 motion is neither required nor may it be reasonably expected, lest the Court find itself in the
7 impermissible position of representing Plaintiff in this action. See Pliler v. Ford, 542 U.S. 225, 231,
8 124 S.Ct. 2441 (2004) (courts not obligated to act as counsel or paralegal for pro se litigants);
9 Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007).  As previously noted, Plaintiff is not
10 precluded from being heard on the issue of exhaustion.  However, his position must now be
11 articulated in objections to the findings and recommendations rather than in an opposition to the
12 motion to dismiss.

13    For the reasons set forth herein, Plaintiff's motion for consideration of his untimely
14 opposition is HEREBY DENIED and the opposition is STRICKEN from the record.  Although the
15 findings and recommendations were only recently issued and the objection period has not expired,
16 Plaintiff is GRANTED, *sua sponte*, an extension of **thirty (30) days** from the date of service of this
17 order within which to file his objections to the findings and recommendations.

19 IT IS SO ORDERED.

20 **Dated:   August 18, 2011**              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

---

28     [2] Now Local Rule 230(l).

2