# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN, | CASE NO. 1:03-cv-06336-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT, WITH PREJUDICE |
| v. | (Doc. 74) |
| S. SHAWNEGO, | |
| Defendant. | |

**I.    Procedural History**

Plaintiff Carmon Warren, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2003. This action, which was proceeding against Defendant Shawnego for violation of the Due Process Clause of the Fourteenth Amendment, *Nonnette v. Small*, 316 F.3d 872, 878-79 (9th Cir. 2002); *Burnsworth v. Gunderson*, 179 F.3d 771, 774-75 (9th Cir. 1999), was dismissed on November 9, 2011, based on Plaintiff's failure to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a).

On February 27, 2013, Plaintiff filed a motion seeking relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (5), and (6). Defendant filed an opposition on March 13, 2013, and Plaintiff filed a reply on April 15, 2013. Local Rule 230(l).

Plaintiff's motion, which was brought more than one year after judgment, is untimely under Rule 60(b)(1) and Rule 60(b)(5) is not applicable. Fed. R. Civ. P. 60(c)(1). Therefore, the Court will address Plaintiff's motion under Rule 60(b)(6).

///

## II. Legal Standard

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. It is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

## III. Discussion

This action was dismissed, without prejudice, for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); *Payne v. Peninsula School Dist.*, 653 F.3d 863, 881 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1540; *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). (Doc. 51, 71.) In dismissing the action, the Court found that Plaintiff's inmate appeal had been properly screened out as untimely based on Plaintiff's failure to comply with the applicable procedures. *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

1  Plaintiff now seeks to reopen this action based on evidence that he again attempted to appeal
2  the events giving rise to his claim via the submission of a post-judgment inmate appeal on December
3  19, 2011. Plaintiff alleges that he received a memorandum denying his appeal and he then submitted
4  the appeal to the third and final level of review, where it was denied because the appeal had been
5  cancelled.

6  Under the regulations in effect at the time, appeals were required to be submitted within
7  fifteen working days of the event being appealed, Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a), and
8  Plaintiff was required to comply with all procedural rules, *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126
9  S.Ct. 2378 (2006); *Sapp*, 623 F.3d at 821. Given that the events in this action occurred between June
10 and August 2002 and Plaintiff's initial appeal was screened out as untimely in December 2002, it
11 is extraordinarily unlikely that Plaintiff properly exhausted his claim post-judgment and his
12 allegations and exhibits do not indicate that he did. (Motion, Doc. 74, p. 2; Reply, Doc. 78, pp. 9,
13 24.) Thus, it appears Plaintiff is in the same position he was in when this action was dismissed:
14 Plaintiff has been unable to properly exhaust his claim. *Woodford*, 548 U.S. at 83-84; *Sapp*, 623
15 F.3d at 821.

16 Additionally, Defendant was entitled to dismissal of this action based on Plaintiff's failure
17 to properly exhaust prior to filing suit, *Payne*, 653 F.3d at 881; *Vaden*, 449 F.3d at 1051; *Wyatt*, 315
18 F.3d at 1119, and assuming for the sake of argument that Plaintiff succeeded properly exhausting
19 post-judgment, he is not entitled to have this action reopened, Fed. R. Civ. P. 60(b)(6); *Harvest*, 531
20 F.3d at 749. Plaintiff's recourse would be limited to filing a new action, if proper exhaustion
21 occurred.

22 **IV.    Order**

23 Based on the foregoing, Plaintiff's motion to set aside judgment, filed on February 27, 2013,
24 is HEREBY DENIED, with prejudice.

25

26 IT IS SO ORDERED.

27
   Dated:    April 22, 2013                           _____
28                                                      SENIOR DISTRICT JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28